United States District Court
Southern District of Texas
**ENTERED**
December 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:02-CR-616 |
| § | CIVIL ACTION NO. 4:20-CV-2319 |
| DAVID LEON LYLE § | |

## MEMORANDUM AND ORDER

Pending is Defendant David Leon Lyle's Abridged Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 114), and the Government's Motion to Dismiss (Doc. No. 120). Lyle has not responded to the Government's motion to dismiss, and his time to do so has expired. The Court has carefully reviewed the motions of the parties, all pertinent matters in this criminal case, the earlier post-conviction proceeding, and the applicable law. For the reasons set forth below, the Court GRANTS the Government's motion to dismiss and DISMISSES Lyle's motion to vacate and the corresponding civil action (Civ. No. 4:20-cv-2319).

### I. BACKGROUND AND PROCEDURAL HISTORY

Lyle is currently in custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Leavenworth, Kansas. On March 26, 2003, Lyle was charged by Superseding Indictment with four counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1S, 3S, 5S, 7S), and four counts of using, brandishing and/or discharging a firearm during a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) and (B)(i) (Count 2S), and 18 U.S.C. § 924(c)(1)(A)(iii) and (B)(i) (Counts 4S, 6S, 8S). (Doc. No. 35). Following a three-day jury trial, Lyle was convicted on all counts. (Doc. No. 63).

<sup>1</sup> On October 17, 2003, Lyle was sentenced to a total term of imprisonment of 1,141 months, to be followed by five years' supervised release, restitution of $20,636.00, and a special assessment of $800. (Doc. No. 76). In particular, Lyle was sentenced to 121 months' imprisonment as to Counts 1S, 3S, 5S, and 7S, to run concurrently, followed by a ten-year, mandatory-minimum consecutive sentence (as to Count 2S) and three 25-year, mandatory-minimum, consecutive sentences (as to Counts 4S, 6S, and 8S). *Id.* Lyle appealed his conviction and sentence, and the Fifth Circuit Court of Appeals affirmed. *See United States v. Lyle*, 112 F. App'x 324, 325 (5th Cir. 2004). Lyle did not file a petition for writ of *certiorari* with the United States Supreme Court.

On June 27, 2016, Lyle filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 95), contending that his § 924(c) convictions were unconstitutional because federal bank robbery categorically fails to qualify as a "crime of violence" under the elements clause in § 924(c)(3)(A) and that, in light of the Supreme Court's analysis of a similar residual clause invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), § 924(c)'s residual clause in § 924(c)(3)(B) was unconstitutionally vague. He also contended that the version of § 924(c)(1)(C) that applied at the time of his offense was unconstitutionally vague because it did not clearly define what constitutes a "second or subsequent conviction" for purposes of his consecutive sentences.

The Government responded and moved to dismiss Lyle's claims, arguing that *Johnson* did not apply and that the residual clause in § 924(c)(3)(B) was "identical in all material respects" to a residual clause in 18 U.S.C. § 16(b), which the Fifth Circuit in *United States v. Gonzalez-Longoria* held was not unconstitutionally vague. 831 F.3d 670, 674 (5th Cir. 2016), *vacated*, 138 S. Ct. 2668 (2018). The Government further argued that Lyle's challenge to his

multiple consecutive convictions under § 924(c) was foreclosed by the United States Supreme Court's decision in *Deal v. United States*, 508 U.S. 129, 132 (1993), which held that "conviction" in the phrase "[i]n the case of a second or subsequent conviction" under § 924(c)(1) unambiguously meant the finding of guilt that necessarily precedes an entry of final judgment, and that Deal's second through sixth convictions in a single proceeding arose "in the case of a second or subsequent conviction" under § 924(c)(1)(C). *Id.* at 131-137. The Government also argued that because *Johnson* did not recognize a new right applicable to § 924(c) convictions, Lyle's motion was untimely. (Document No. 103).

In response to the Government's motion to dismiss Lyle's first § 2255 motion, Lyle moved to withdraw it, acknowledging that "the District Court['s] inability to overrule current Supreme Court precedent" meant that "his motion is ineffective at the District Court level." (Doc. No. 109). The Court granted Lyle's motion to withdraw and dismissed Lyle's § 2255 motion without prejudice. (Doc. No. 111).

On June 29, 2020, Lyle filed this, his second § 2255 Motion. (Doc. No. 115). Lyle relies on *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" definition of the term "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 2336. Lyle repeats his earlier argument that his § 924(c) convictions are unconstitutional because armed bank robbery "categorically fails to qualify as a crime of violence" and further contends that his predicate crimes cannot be considered crimes of violence under the residual clause that was invalidated in *Davis*. He also reasserts his argument that § 924(c) is unconstitutionally vague because it does not define what constitutes a "second or subsequent conviction." He further argues that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194,

§ 403(a) (2018), which amended § 924(c)(1)(C),[1] "clarified" the ambiguities in the statute and should apply to reduce his sentence.

The Government moved to dismiss the instant § 2255 motion as successive because it challenges the same conviction as in his prior § 2255 motion and, alternatively, because it fails as a matter of law. The Government contends that Lyle is not entitled to relief under *Davis* because armed bank robbery is categorically a "crime of violence" under the "elements clause" definition of that term in § 924(c)(3)(A). The Government further contends that Lyle's claim regarding "second or subsequent convictions" is foreclosed by *Deal*, 508 U.S. at 131-137. Finally, the Government argues that the First Step Act's amendment to § 924(c)(1)(C) is not retroactive with respect to his 2003 convictions. Lyle filed no response in opposition to the Government's arguments that his present § 2255 motion is successive or that his claims lack merit.

## II.   DISCUSSION

As noted above, this is not Lyle's first motion to vacate under 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Of significance for the instant action, AEDPA further amended 28 U.S.C.

---

[1] Section 403(a) of the First Step Act amended 18 U.S.C. § 924(c)(1)(C) by eliminating the phrase, "second or subsequent conviction," and inserting the phrase, "violation of this subsection that occurs after a prior conviction under this subsection has become final." *United States v. Richardson*, 948 F.3d 733, 745 (6th Cir. 2020).

4 / 9

§ 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

AEDPA does not define what constitutes a "second or successive" motion. When a movant's prior § 2255 motion is withdrawn and dismissed without prejudice, and the merits have not been adjudicated, the second § 2255 motion is generally not considered successive. *See Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000). Even so, when a movant voluntarily withdraws a § 2255 motion, the circumstances of the dismissal should be examined to determine whether the second § 2255 motion is successive. While it appears that the Fifth Circuit has not ruled on this precise issue regarding when a withdrawal of a first section 2255 motion renders a subsequent motion successive, three sister circuits have opined that "the reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernible." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (holding that the petitioner's second motion was not successive because, among other things, the reasons for withdrawal were ambiguous, but pointing out that if "the circumstances surrounding withdrawal clearly and objectively indicate[] that the petitioner knows his or her motion is meritless," then "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under [Section 2255]"); *United States v. Rejda*, 790 F. App'x 900, 905 (10th Cir. 2019) (holding that the movant's first motion counted for the purposes of the AEDPA where he withdrew it soon after the Government had responded and after the court directed him to respond to whether his motion was still viable based on Supreme Court precedent that foreclosed his claims); *Felder v.*

*McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (recognizing that a defendant "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits"); *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000) (holding that the first motion counted because the movant withdrew it after "seeing the handwriting on the wall" that his motion would fail on the merits); *see also United States v. LeBlanc*, No. 2:10-cr-00038-01, 2020 WL 3023096, at *2 (W.D. La. Jun. 3, 2020) (holding that movant's second motion was successive where he withdrew his first motion after the Government responded and it was clear that the motion would not be successful).

Here, Lyle moved to withdraw his first § 2255 motion *after* the Government responded to the merits of his two claims, pointing out their deficiencies. He acknowledged in his motion to withdraw that he could not succeed based on precedent applicable at that time. Further, although Lyle was not represented by counsel for his first motion, his briefing and arguments reflect that he understood the legal issues and was able to present his arguments in a coherent manner, citing to the relevant law. Under these circumstances, Lyle's first motion counts for the purposes of the AEDPA.

In addition, even if the instant motion were not successive, his present claims fail on the merits. Lyle relies on *Davis* and the First Step Act for his claims, but neither helps him here. Lyle argues under *Davis* that the residual clause found in § 924(c)(3)(B) is unconstitutionally vague, and, therefore, that his convictions for armed bank robbery are not "crimes of violence." Although he is correct that the definition of a "crime of violence" under the residual clause is no longer valid, the Fifth Circuit has held that armed bank robbery is a crime of violence under the elements clause found in § 924(c)(3)(A). *See United States v. Smith*, 957 F.3d 590, 593-94 (5th

Cir. 2020) (holding that armed bank robbery under 18 U.S.C. § 2113 is categorically a crime of violence under the "elements clause" in § 924(c)(3)(A)), *cert. denied*, --- S. Ct. ----, 2020 WL 6551848 (Nov. 9, 2020); *United States v. Pervis*, 937 F.3d 546, 553 (5th Cir. 2019), *cert. docketed sub nom. Gray v. United States*, No. 19-7113 (U.S. Dec. 31, 2019); *United States v. Hood*, No. CR H-99-259, 2020 WL 5539878, at *2 (S.D. Tex. Sept. 15, 2020) (holding that the defendant's "§ 2255 motion is denied because his [armed bank robbery convictions] fall under § 924(c)(3)(A)'s definition of a crime of violence, which *Davis* did not invalidate").

Likewise, Lyle's arguments regarding the First Step Act and *Deal v. United States* are foreclosed by Fifth Circuit precedent. The Fifth Circuit and several other circuits have held that the amendment to § 924 regarding "second or successive convictions" only applies to cases where the judgment had not been entered at the time of the First Step Act's enactment and do not apply retroactively to cases like Lyle's, where the judgment was entered well before December 2018. *See United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020) (holding that the First Step Act did not retroactively apply to cases pending appeal on the Act's effective date); *United States v. Solorzano*, --- F. App'x ----, 2020 WL 6139848, at *6 (5th Cir. Oct. 19, 2020) (not selected for publication) (holding that the First Step Act did not apply to the defendant's sentence that was imposed over a year before the Act was enacted and explaining that *Deal* applies as Supreme Court precedent regarding the pre-amendment version of § 924(c)(1)(C)); *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020) (holding that the First Step Act did not apply retroactively and that the Supreme Court in *Deal* "already authoritatively interpreted" the version of § 924(c)(1)(C) that applied), *cert. denied*, --- S. Ct. ----, 2020 WL 5883230 (U.S. Oct. 5, 2020) (mem.); *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020), *cert. filed*, No. 20-256 (U.S. Aug. 28, 2020); *United States v. Hodge*, 948 F.3d 160, 161 (3d Cir.

2020), *cert. denied*, --- S. Ct. ----, 2020 WL 5883242 (U.S. Oct. 5, 2020) (mem.); *United States v. Meehan*, 798 F. App'x 739, 740 (3d Cir. 2020) (not selected for publication). Accordingly, neither *Davis* nor the First Step Act provides any basis for relief. Therefore, even if Lyle's motion were not successive, his claims also fail on the merits.

Under 28 U.S.C. § 2244(b)(3)(A), Lyle must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain his successive § 2255 motion. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999). Lyle filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. Therefore, unless and until Lyle obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action and it should therefore be dismissed without prejudice.

## III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is averse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Lyle fails to meet this threshold. Therefore, a certificate of appealability is **DENIED**.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The Government's motion to dismiss (Doc. No. 120) is **GRANTED**.

2. Defendant David Leon Lyle's pending § 2255 motion (Doc. No. 114) and the corresponding civil action (4:20-cv-2319) are **DISMISSED** without prejudice as successive.

3. Lyle's pending motion for appointment of counsel for this § 2255 proceeding (Doc. No. 115) is **DENIED**. *See Pennsylvania v. Findley*, 481 U.S. 551, 555 (1987).

4. Civil Action No. 4:20-cv-2319 is **CLOSED**.

5. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this ___9th___ day of ~~November~~ December 2020.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE